## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>FOX Television Stations, Inc.,<br>    Licensee of Stations KMSP-TV,<br>    WJBK(TV), and WTTG(TV)<br>    5151 Wisconsin Ave. NW<br>    Washington, DC  20016,<br><br>WDAF License, Inc.,<br>    Licensee of Station WDAF-TV<br>    5151 Wisconsin Ave. NW<br>    Washington, DC  20016, and<br><br>TVT License, Inc.,<br>    Licensee of Station WTVT(TV)<br>    5151 Wisconsin Ave. NW<br>    Washington, DC  20016,<br><br>    Defendants. | Case: 1:08-cv-00584<br>Assigned To : Friedman, Paul L.<br>Assign. Date : 4/4/2008<br>Description: General Civil |

## COMPLAINT FOR RECOVERY OF A MONETARY FORFEITURE

Plaintiff, the United States of America, by and through its attorneys, hereby brings this action against Defendants, FOX Television Stations, Inc., WDAF License, Inc., and TVT License, Inc., pursuant to 47 U.S.C. § 504, for the recovery of a monetary forfeiture assessed against Defendants by the Federal Communications Commission for violations of 18 U.S.C. § 1464 and 47 C.F.R. § 73.3999(b).

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1345 & 1355(a) and 47 U.S.C. § 504(a).

2.    Venue is appropriate in this Court under 28 U.S.C. §§ 1355(b) & 1395(a) and 47 U.S.C. § 504(a).  Defendants have their principal places of business in this district.

## THE PARTIES

3.    Plaintiff is the United States of America.

4.    The Federal Communications Commission ("FCC" or "Commission") is an agency of the United States that regulates all channels of the radiofrequency spectrum, including frequencies used for television broadcasting.  *See* 47 U.S.C. § 301.  The FCC also "execute[s] and enforce[s] the provisions of" the Communications Act.  47 U.S.C. § 151.  Congress has decreed that forfeitures assessed by the FCC shall be "payable into the Treasury of the United States" and shall be "recoverable . . . in a civil suit in the name of the United States."  47 U.S.C. § 504(a).

5.    Defendant FOX Television Stations, Inc. is a broadcasting company that holds directly or through intermediate subsidiaries licenses to operate television stations issued by the Commission.

6.    Defendant FOX Television Stations, Inc. during the relevant period of time was licensed to operate Station KMSP-TV in Minneapolis, Minnesota, Station WJBK(TV) in Detroit, Michigan, and Station WTTG(TV) in Washington, DC.

7.    Station KMSP-TV is licensed by the Commission as a commercial television station. *See* 47 U.S.C. § 397(6).

8.    Station WJBK(TV) is licensed by the Commission as a commercial television station. *See* 47 U.S.C. § 397(6).

9.    Station WTTG(TV) is licensed by the Commission as a commercial television station. *See* 47 U.S.C. § 397(6).

10.    Defendant WDAF License, Inc. is a broadcasting company that holds directly or through intermediate subsidiaries licenses to operate television stations issued by the Commission.

11.    Defendant WDAF License, Inc. during the relevant period of time was licensed to operate Station WDAF-TV in Kansas City, Missouri.

12.    Station WDAF-TV is licensed by the Commission as a commercial television station. *See* 47 U.S.C. § 397(6).

13.    Defendant TVT License, Inc. is a broadcasting company that holds directly or through intermediate subsidiaries licenses to operate television stations issued by the Commission.

14.    Defendant TVT License, Inc. during the relevant period of time was licensed to operate Station WTVT(TV) in Tampa, Florida.

15.    Station WTVT(TV) is licensed by the Commission as a commercial television station. *See* 47 U.S.C. § 397(6).

## STATUTORY AND REGULATORY PROVISIONS

16.    Congress has declared that "[w]hoever utters any obscene, indecent, or profane language by means of radio communication shall be fined under this title or imprisoned not more than two years, or both." 18 U.S.C. § 1464.

17.   Pursuant to congressional mandate in Section 16(a) of the Public Telecommunications Act of 1992, Pub. L. No. 102-356, 106 Stat. 949 (1992), Commission rules provide in pertinent part that "[n]o licensee of a radio or television broadcast station shall broadcast on any day between 6 a.m. and 10 p.m. any material which is indecent." 47 C.F.R. § 73.3999(b).

18.   Any "person who is determined by the Commission . . . to have . . . willfully or repeatedly failed to comply with any of the provisions of this [Act] . . . or of any rule, regulation, or order issued by the Commission under th[e Act] . . . or . . . violated any provision of section . . . 1464 of Title 18[, United States Code,] shall be liable to the United States for a forfeiture penalty." 47 U.S.C. § 503(b)(1).

19.   The maximum penalty for a violation occurring between November 14, 2000, and September 7, 2004, is $27,500. *See Inflation Adjustment of Maximum Forfeiture Penalties*, 65 Fed. Reg. 60868, 60869 (2000).

## FACTUAL BACKGROUND

20.   On the evening of April 7, 2003, before 10:00 p.m., Defendants' television stations broadcast an episode of the FOX television network program *Married by America* that depicted or described scenes from two Las Vegas bachelor and bachelorette parties.

21.   The Commission received complaints that this episode contained indecent material. The episode included scenes depicting or describing, among other things, the caressing of naked chests and stomachs, the thrusting of a male stripper's crotch into a woman's face, a topless female stripper performing a lap dance for a groom-to-be, a topless female stripper spanking with a whip or a belt the buttocks of a topless man who is on all fours, two topless female strippers apparently kissing while straddling a shirtless man, and a female stripper cupping her

own bare breasts and puckering her lips. The depictions of nude female breasts and buttocks were partially obscured by pixilation.

22.   On October 12, 2004, the Commission released a Notice of Apparent Liability ("NAL") making a preliminary finding that the episode's depiction of sexual activities and female nudity was indecent in violation of 18 U.S.C. § 1464 and 47 C.F.R. § 73.3999. *Complaints Against Various Licensees Regarding Their Broadcast of the Fox Television Network Program "Married By America" on April 7, 2003*, Notice of Apparent Liability, 19 FCC Rcd 20191 (rel. Oct. 12, 2004). In the NAL, the Commission proposed that Defendants be fined $7,000. *Id.* ¶ 16.

23.   After Defendants had the opportunity to contest the preliminary findings set forth in the NAL, the Commission released a Forfeiture Order on February 22, 2008, finding that Defendants' broadcasts of the April 7, 2003 episode constituted a willful broadcast of indecent material in violation of 18 U.S.C. § 1464 and 47 C.F.R. § 73.3999. *Complaints Against Various Licensees Regarding Their Broadcast of the Fox Television Network Program "Married By America" on April 7, 2003*, Forfeiture Order, 23 FCC Rcd ___, FCC 08-63 (rel. Feb. 22, 2008).

24.   The Commission further found that Defendants had provided no sufficient reason to reduce the amount of the proposed penalty. The Commission accordingly ordered that each of the Defendants pay a forfeiture penalty in the amount of $7,000 for each of their stations in violation of the indecency laws.

25.   Defendants were ordered to pay the forfeiture by the close of business on March 22, 2008, but failed to pay by that date.

## DEFENDANTS' BROADCASTS VIOLATED 18 U.S.C. § 1464

26.   In assessing whether a given broadcast is indecent, the Commission examines two principal factors: (1) whether the material in question depicts or describes sexual or excretory

organs or activities; and (2) whether the material is patently offensive as measured by contemporary community standards for the broadcast medium. *Industry Guidance on the Commission's Case Law Interpreting 18 U.S.C. § 1464 and Enforcement Policies Regarding Broadcast Indecency*, Policy Statement, 16 FCC Rcd 7999 (2001) ("*Indecency Policy Statement*").

27.    Defendants' broadcasts of the April 7, 2003 episode depicted or described scenes from bachelor and bachelorette parties featuring sexual activities and partially obscured nude female breasts and buttocks, which are sexual or excretory organs.

28.    The Commission examines three principal factors in determining whether a broadcast, in its full context, is patently offensive under the second prong of the indecency test: (1) whether the description or depiction of sexual or excretory organs or activities is explicit or graphic in nature; (2) whether the material dwells on or repeats at length descriptions or depictions of sexual or excretory organs or activities; and (3) whether the material appears to pander or is used to titillate or shock. *Indecency Policy Statement*, 16 FCC Rcd at 8002–03. Each of those factors supports the FCC's finding that Defendants' broadcasts were patently offensive.

29.    Defendants' broadcasts of the April 7, 2003 episode depicted or described strippers luring partygoers into engaging in sexual behavior (*e.g.*, a topless female stripper is depicted spanking with a whip or a belt the buttocks of a topless man who is on all fours) in a graphic and explicit manner. The pixilation of the nude body parts in the scenes did not obscure the overall graphic nature of the depictions to the average viewer.

30.  Defendants' broadcasts of the April 7, 2003 episode dwelled upon and repeated the indecent material because sexual or excretory organs and activities are depicted or described in multiple scenes during the episode.

31.  The indecent material in Defendants' broadcasts of the April 7, 2003 episode was pandering, titillating, and shocking.  The whole point of the strippers' performances appears to be to titillate the brides- and grooms-to-be, and, by extension, the audience.  The scenes presented sexual activity and adult nudity in a pandering and titillating manner.

32.  Because Defendants' broadcasts of the April 7, 2003 episode depicted or described sexual or excretory activities or organs and were patently offensive under contemporary community standards for the broadcast medium, they were indecent and thus violated 18 U.S.C. § 1464.

## DEFENDANTS' BROADCASTS VIOLATED 47 C.F.R. § 73.3999

33.  Plaintiff repeats and realleges as if set forth fully herein the foregoing paragraphs 1 through 32, inclusive.

34.  Defendants' broadcasts of the April 7, 2003 episode aired between 6:00 a.m. and 10:00 p.m.

35.  Defendants violated 47 C.F.R. § 73.3999 by broadcasting indecent material between the hours of 6:00 a.m. and 10:00 p.m.

## DEFENDANTS' VIOLATIONS WERE WILLFUL

36.  Plaintiff repeats and realleges as if set forth fully herein the foregoing paragraphs 1 through 35, inclusive.

37.  Congress has defined "willful" to mean "the conscious and deliberate commission or omission of [an] act, irrespective of any intent to violate any provision of this [Act] or any rule or regulation of the Commission."  47 U.S.C. § 312(f)(1).

38.   The indecent material in the April 7, 2003 episode was prerecorded, and Defendants could have edited or declined the content prior to broadcast.

39.   Defendants acted willfully because they consciously and deliberately broadcast the April 7, 2003 episode.

## DEFENDANTS' VIOLATIONS WARRANT THE FORFEITURE PENALTY IMPOSED

40.   Plaintiff repeats and realleges as if set forth fully herein the foregoing paragraphs 1 through 39, inclusive.

41.   Congress has directed that, "[i]n determining the amount of . . . a forfeiture penalty, the Commission . . . shall take into account the nature, circumstances, extent and gravity of the violation and, with respect to the violator, the degree of culpability, any history of prior offenses, ability to pay, and such other matters as justice may require." 47 U.S.C. § 503(b)(2)(E).

42.   Defendants' broadcasts of the April 7, 2003 episode contained repeated depictions or descriptions of adult sexual or excretory activities or organs that Defendants could have edited or declined prior to broadcast.

43.   The $7,000 penalty imposed by the FCC is appropriate under the circumstances.

44.   The FCC has demanded payment of the $7,000 for each station's violations from Defendants, but Defendants have refused to pay that amount.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks a judgment against Defendants as follows:

a.   Ordering Defendants WDAF License, Inc. and TVT License, Inc., each to pay to the United States Treasury $7,000, the amount set forth in the Forfeiture Order;

b.  Order Defendant FOX Television Stations, Inc. to pay to the United States Treasury $21,000, the total amount assessed against this Defendant in the Forfeiture Order for the violations of Stations KMSP-TV, WJBK(TV), and WTTG(TV);

c.  Ordering Defendants to pay interest at the legal rate in effect on the date of judgment until paid in full;

d.  Ordering Defendants to reimburse the United States for the costs of this civil action; and

e.  Ordering such other relief as the Court deems just and proper.


Date: April 4, 2008

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
Civil Division

ARTHUR R. GOLDBERG
Assistant Branch Director
Federal Programs Branch

JACQUELINE COLEMAN SNEAD
(D.C. Bar No. 459548)
ERIC B. BECKENHAUER
(Cal. Bar No. 237526)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W., Room 7214
Washington, D.C. 20530
Tel: (202) 514-3418
Fax: (202) 616-8470
Email: jacqueline.snead@usdoj.gov

**Attorneys for the United States of America**

E
08cv584
PLF

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

United States of America

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
**(EXCEPT IN U.S. PLAINTIFF CASES)**

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Jacqueline Coleman Snead and Eric B. Beckenhauer
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW, Room 7214
Washington, DC 20530
Tel: (202) 514-3418

## DEFENDANTS

FOX Television Stations, Inc.,
WDAF License, Inc., and
TVT License, Inc.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    Washington, DC
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

Believed to be:
John C. Q.......
Skadden, .
1440 New
Washingto

Case: 1:08-cv-00584
Assigned To : Friedman, Paul L.
Assign. Date : 4/4/2008
Description: General Civil

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ◉ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP
FOR PLAINTIFF AND O

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**

- ☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**

- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**◉ E. General Civil (Other)    OR    ○ F. Pro Se General Civil**

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☒ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

3

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ **530 Habeas Corpus-General** ☐ **510 Motion/Vacate Sentence** | ☐ **442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)** *(If pro se, select this deck)* | ☐ **895 Freedom of Information Act** ☐ **890 Other Statutory Actions (if Privacy Act)** *(If pro se, select this deck)* | ☐ **152 Recovery of Defaulted Student Loans (excluding veterans)** |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ **710 Fair Labor Standards Act** ☐ **720 Labor/Mgmt. Relations** ☐ **730 Labor/Mgmt. Reporting & Disclosure Act** ☐ **740 Labor Railway Act** ☐ **790 Other Labor Litigation** ☐ **791 Empl. Ret. Inc. Security Act** | ☐ **441 Voting (if not Voting Rights Act)** ☐ **443 Housing/Accommodations** ☐ **444 Welfare** ☐ **440 Other Civil Rights** ☐ **445 American w/Disabilities-Employment** ☐ **446 Americans w/Disabilities-Other** | ☐ **110 Insurance** ☐ **120 Marine** ☐ **130 Miller Act** ☐ **140 Negotiable Instrument** ☐ **150 Recovery of Overpayment & Enforcement of Judgment** ☐ **153 Recovery of Overpayment of Veteran's Benefits** ☐ **160 Stockholder's Suits** ☐ **190 Other Contracts** ☐ **195 Contract Product Liability** ☐ **196 Franchise** | ☐ **441 Civil Rights-Voting (if Voting Rights Act)** |

**V. ORIGIN**

◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

47 U.S.C. § 504. Action for the recovery of a monetary forfeiture assessed by the FCC for violations of 18 U.S.C. § 1464 and 47 C.F.R. § 73.3999(b).

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   **DEMAND $** 35,000   Check YES only if demanded in complaint   **JURY DEMAND:**   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

**DATE** 4 APRIL 2008   **SIGNATURE OF ATTORNEY OF RECORD** _Buckenham_

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.