UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Fox Television Stations, Inc., Licensee of Stations | ) Civil Case No. 1:08-cv-00584-PLF |
| | ) |
| KMSP-TV, WJBK (TV), and WTTG (TV), et al, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Thomas B. North, Attorney

Decency Enforcement Center for Television

1387 N. State St., #11

St. Ignace, MI  49781

(906) 643-6348

### MOTION TO APPEAR PRO HAC VICE

Thomas B. North, Attorney for Decency Enforcement Center for Television, a Michigan non-profit corporation, hereby moves this Honorable Court for an Order allowing him to appear in

this civil action in this court "pro hac vice" for the limited purpose of filing a Motion for Leave to file Amicus Curaie Brief; Christopher T. Craig, Attorney, sponsors Thomas B. North, and in support of this motion, they state as follows:

1. This is a civil action filed by the Plaintiffs United States of America to enforce a monetary forfeiture imposed by the Federal Communications Commission against Defendant Fox Television Stations, Inc., et al, for the broadcast of an indecent television program prior to 10 p.m. in contravention of 18 U.S.C. 1464 and the FCC's regulations pursuant to that statute.

2. Defendant has filed a Motion to Dismiss, and Plaintiffs' reply is due August 1, 2008.

3. Decency Enforcement Center for Television, a Michigan non-profit, IRC section 501 c 3 corporation was incorporated for the express purpose of legally defending and enforcing public decency laws, especially for television. Due to a claim by Defendant in its Motion to Dismiss that 18 U.S.C. 1464 has somehow become unconstitutional, it is necessary for the Decency Enforcement Center for Television to file an amicus brief, limited to the purported constitutional issue, and in support of Plaintiff, for the Motion to Dismiss and later trial. Such a brief can only be filed with permission by the assigned judge, and a docket clerk for the assigned judge has confirmed to Thomas B. North by telephone that a Motion for Leave to File Amicus Curaie Brief is the proper procedure.

4. While filing of an amicus curaie brief itself may not require counsel to be admitted to the bar of this Court, this Court's rules require admission normally to file the Motion for Leave to File an Amicus Curaie Brief. Thomas B. North is not a member of the bar of this Court, nor is

2.

application pending.

5. However, since Thomas B. North is only seeking to appear in this action for the limited purpose of filing the Motion for Leave to File Amicus Curaie Brief, and the brief itself, and does not expect to appear in any other cases in this Court in the future, the option that is apparent in this Court's rules is to move to appear Pro Hac Vice in this case.

6. Counsel is sponsored for admission pro hac vice in this case by a member of the bar of this Court, Mr. Christopher T. Craig, Esq., who pursuant to LCvR 83.2 (d), is the signatory of this motion as required. Due to the requirement that the sponsor sign a motion of this nature, and the Court's electronic filing system, it is impossible for Thomas B. North to also electronically sign the motion, but he has signed the original, which is available to the court or any party for review. Thomas B. North also agrees to comply with any further requirement of the Court in this regard.

7. Pursuant to LCvR 83.2 (d), Thomas B. North states that:
   A. He is admitted to the bars of the following:
      1. All courts of record of the State of Michigan,
      2. U.S. Supreme Court,
      3. U.S. Court of Appeals for the Federal Circuit,
      4. U.S. Court of Appeals for the Sixth Circuit,
      5. U.S. District Court for the Eastern District of Michigan, and
      6. U.S. District Court for the Western District of Michigan.

   7. Possibly also the U.S. Court of Appeals for the DC Circuit (he has located records that application was pending in 1992, but no records of admission – application may have been abandoned, as he did not actually become involved in an appeal as anticipated, and has no clear recollection of admission.)
   B. He has not been disciplined by any bar or court.
8. Thomas B. North has telephoned and conferred with counsel for Defendant, and the motion is not opposed.
9. Attorney Christopher T. Craig has been informed by telephone by a clerk of this Court that the procedure to follow is to electronically file both motions, all supporting paperwork required by the rules, and the proposed Amicus Brief at the same time, but by the website in the local court rules, and not the ECF system, at which time the clerk will file documents as necessary using the ECF system. He was also advised that he may move to be dismissed from the rest of the case if this motion is granted. That is therefore the procedure being followed by movants.

For the foregoing reasons, Thomas B. North and Christopher T. Craig move for an Order allowing Thomas B. North to appear in this case pro hac vice for the limited purpose of filing a Motion for Leave to File Amicus Brief on behalf of Decency Enforcement Center for Television, in support of Plaintiff. Christopher T. Craig, as the sponsoring attorney, further moves that he be dismissed from this case as an attorney of record.

Date: August 4, 2008

_Thomas B. North_ /by permission/

Thomas B. North

4.

Attorney for Decency Enforcement Center For Television

Date: August 4, 2008

_____

Christopher T. Craig, Attorney

DC Bar No. 450296

6862 Elm St.

Ste. 360

McLean, VA 22101

(703) 848-4700

5.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Fox Television Stations, Inc., Licensee of Stations | ) Civil Case No. 1:08-cv-00584-PLF |
| | ) |
| KMSP-TV, WJBK (TV), and WTTG (TV), et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

Thomas B. North, Attorney

Decency Enforcement Center for Television

1387 N. State St., #11

St. Ignace, MI 49781

(906) 643-6348

MEMORANDUM OF POINTS AND AUTHORITIES

IN SUPPORT OF MOTION TO APPEAR PRO HAC VICE

Thomas B. North, Attorney for Decency Enforcement Center for Television, and Christopher T. Craig, Attorney, in support of their Motion to Appear Pro Hac Vice, submit this Memorandum pursuant to LCvR 7.

The motion is based simply on LCvR 83.2 (d).

In this civil action, the Plaintiff United States of America seeks to enforce a monetary forfeiture imposed by the Federal Communications Commission (hereafter "the Commission") against Defendant Fox Television Stations, Inc., et al, for the broadcast of an indecent television program prior to 10 p.m. in violation of 18 U.S.C. 1464 and the Commission's regulations pursuant to that statute, as cited in the Complaint. Defendant has filed a Motion to Dismiss the Complaint, saying that the Plaintiff has failed to state a claim upon which relief can be granted, making several arguments. Plaintiff's reply to the motion is due August 1, 2008.

Decency Enforcement Center for Television (hereafter by its acronym "Decent TV") is a Michigan based nonprofit, IRC section 501 c3 corporation. It was incorporated for the express stated purpose of enforcing and defending public decency laws, especially for television. While it is certainly primarily the job of the Commission to enforce such laws that pertain to broadcast television and radio, Decent TV provides additional legal advocacy in courts in the form of amicus briefs that speak from the perspective of the American citizen/television viewer. Specifically, Decent TV advocates to the courts that the federal statute prohibiting obscene or indecent broadcasting has been permanently established by the courts as constitutional, including the U.S. Supreme Court in the case of *FCC v Pacifica Foundation, 438 US 726 (1978)*, and that there is no legal authority that would permit that finding to be revisited by any court.

In the instant case, contrary to law, Defendant has clearly in its motion requested this District Court to exceed its power and overrule the U.S. Supreme Court and U.S. Court of Appeals for the D.C. Circuit, claiming that 18 U.S.C. 1464 has instead somehow become unconstitutional without any court ever having so found. Defendant is further asking this Court to make such an impossible leap in ruling on a motion to dismiss "for failure to state a claim upon which relief can be granted", when in fact all of the law supports the constitutionality of the statute the Commission's actions were based on.

The foregoing is brought up in this Memorandum solely to explain that it has been made necessary for Decent TV, in keeping with its corporate purpose, to seek to file an amicus brief in this case, in this Court, limited however to arguments opposing the claim of a constitutional issue, and in support of Plaintiff, for the Motion to Dismiss and for a later trial on the merits.

Recognizing that this is a trial level court, and that amicus briefs are not commonly filed, although not precluded by any rule either, counsel for Decent TV spoke by telephone with a docket clerk for the assigned judge in this case, Hon. Paul L. Friedman, and confirmed that the filing of a Motion for Leave to File Amicus Curaie Brief is the proper procedure to request permission.

While some federal courts permit the filing of amicus briefs without counsel being first admitted to the bar of that court, counsel for Decent TV, after reviewing this Court's local rules, is of the belief that normally, admission to the bar of this Court is required to file any papers such as the proposed Motion for Leave to File Amicus Curaie Brief. Counsel for Decent TV is not a member of the bar of this Court, nor is application pending.

However, review of this Court's local rules also reveals an alternative, the filing of this Motion to Appear Pro Hac Vice. Given that counsel is seeking to appear in this action only to file an amicus curaie brief on behalf of his client, and that he does not expect to appear in any other cases in this Court in the future, this appears to be an ideal situation for Pro Hac Vice appearance. It must be viewed as unlikely that there will be any future cases in which such a constitutional claim is advanced in defense of a monetary forfeiture statutory action, and is really only reasonably possible if there is another monetary forfeiture against this Defendant or another television broadcaster before this Court rules in this case. Appearance Pro Hac Vice would allow the proposed amicus curaie brief to be filed much more quickly and efficiently, without awaiting the processing of an admission application, which appears to also require mandatory appearance at an admission ceremony in D.C. This would in turn reduce the potential for delay in this case as a result.

It needs to be noted that the proposed Motion for Leave to File Amicus Curaie Brief is required to be filed separately by the rules and procedures of this court, since the latter is one of the types of papers that is specifically and expressly unable to be filed using the ECF system, while this instant Motion is not.

Counsel Thomas B. North for Decent TV is sponsored for admission Pro Hac Vice in this case by a member of the bar of this Court, Mr. Christopher T. Craig, Esq. Pursuant to LCvR 83.2 (d), Christopher T. Craig is the signatory to this Motion as required thereby. Due to that requirement, coupled with the ECF system, it is not seen as possible for Thomas B. North to also electronically sign this Motion using the ECF system, as he and Christopher Craig do not work

4.

for the same office or firm. However, Thomas B. North has signed the original of this Motion, which is available for the Court or any party to review. Thomas B. North also agrees to comply with any other requirement of this Court in regard to providing a signature.

The instant Motion contains the statements required by LCvR 83.2 (d) with regard to counsel's admission to the bars of other courts, the absence of any disciplinary actions by those bars or courts against him, and the required conference with opposing counsel before filing.

Date: August 4, 2008

_Thomas B. North / by permission_

Thomas B. North

Attorney for Decency Enforcement Center

For Television

1387 N. State St., #11

St. Ignace, MI 49781

(906) 643-6348

Date: August 4, 2008

_Christopher T. Craig_

Christopher T. Craig

DC Bar No. 450296

6862 Elm St.

5.

Suite 360

McLean, VA  22101

(703) 848-4700

6.